UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI E. TERRELL,<br><br>     Plaintiff,<br><br> v.<br><br>CHERYL R. BAILEY, *et al.*,<br><br>     Defendants. | Case No. 24-cv-0505 (JMC) |

## MEMORANDUM OPINION

  Pro se Plaintiff Lori Terrell filed a civil complaint against Defendants, a group of government employees and judges of the Superior Court for the District of Columbia. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure Rule 8(a)(2).

  Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

1

Terrell's complaint does not satisfy these requirements. As best as the Court can understand her 90-page complaint, Plaintiff was once employed as an attorney at the law firm of Morgan Lewis, and she previously "enjoyed working within [Superior Court]" in that role. ECF 1 ¶¶ 12, 28. For reasons that the complaint does not make clear, Plaintiff appears to believe that Defendants somehow violated her "entitlement to access t[he] courts," *id.* ¶ 88, and subjected her to "invasive and violative stalking, threat[s], [and] harassment," *id.* ¶ 147. She references other actions in Superior Court where she is a litigant, *id.* ¶ 46, an "unlawful taking" of her "motor vehicle," *id.* ¶ 141, and a set of undefined "rights and freedoms," the "absolute deprivation" of which was "intentionally planned and orchestrated around dates having the numeric sequence ('27')" and may relate to "the tragic December 7, 1941, Pearl Harbor attack," *id.* ¶ 143. While Plaintiff cites to 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments of the U.S. Constitution, *Bivens*, and various provisions of the D.C. Code, *id.* ¶ 10, the Court is unable to grasp the relationship between these sources of law and the complaint's somewhat indecipherable factual assertions. In short, even construing the complaint liberally, the Court cannot identify what cognizable harm Terrell has suffered, who caused her that harm, and how the law entitles her to any relief.

Terrell's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court will grant Terrell leave to refile within 30 days (i.e., by May 16, 2024) an amended complaint that cures the existing deficiencies. But if she does not file an amended complaint within that timeframe, files an amended complaint that recycles the present complaint, or otherwise fails to comply with Rule 8, this action may be dismissed with prejudice. *Brown*, 164 F. Supp. 3d at 35. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: April 16, 2024