UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LORI E. TERRELL,<br><br>    Plaintiff,<br><br> v.<br><br>CHERYL R. BAILEY, *et al.*,<br><br>    Defendants. | Case No. 24-cv-0505 (JMC) |

## MEMORANDUM OPINION

On February 20, 2024, pro se Plaintiff Lori Terrell filed a civil complaint against Defendants, a group of government employees and judges of the Superior Court of the District of Columbia. ECF 1. On April 16, 2024, this Court dismissed her complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a)(2). ECF 2; ECF 3. Plaintiff timely filed an amended complaint on May 16, 2024, ECF 4, along with other responses to the Court's ruling, ECF 5; ECF 6, but none of these filings remedy the defects of her original complaint.

The amended complaint includes many of the same confusing allegations from Plaintiff's original complaint regarding, for example, an alleged "absolute deprivation" of rights and freedoms "orchestrated around a time period of dates . . . having the numeric sequence ('27')" that may relate to the "Pearl Harbor attack." ECF 4 ¶ 122. The Court also observes that some of the Defendants in this action are judges of the Superior Court of the District of Columbia who "are protected by absolute judicial immunity" to the extent Plaintiff seeks to challenge their official acts. *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009). Moreover, this Court's review of Plaintiff's additional filings, which describe a purported "non-receipt" of this Court's prior opinion despite also providing the full text of that same ruling, *compare* ECF 5 ¶ 2, *with*

1

ECF 6 at 5–7, do not change the result. Plaintiff's submissions do not shed light on the allegations in her amended complaint nor do they suggest that the allegations in the amended complaint support any viable cause of action. At bottom, the Court does not find that further opportunities to amend will save Plaintiff's claims. In these circumstances, "where the claimant cannot possibly win relief," the Court may dismiss a complaint "*sua sponte* without notice." *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990).

Terrell's amended complaint is therefore **DISMISSED** for failure to comply with Rule 8(a)(2) for largely the same reasons stated in this Court's prior opinion. *See* ECF 2 at 2. That is, "even construing the [amended] complaint liberally, the Court [still] cannot identify what cognizable harm Terrell has suffered, who caused her that harm, and how the law entitles her to any relief." *Id.* And as noted in the Court's prior opinion, because Plaintiff failed to file an amended complaint that comports with Rule 8, this action shall be **DISMISSED WITH PREJUDICE**. *Id.* at 3 (citing *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016)). A separate order accompanies this memorandum opinion.

    **SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: May 22, 2024